[Cite as *State v. Miller*, 2011-Ohio-5158.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No.   96022

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JOSEPH MILLER

DEFENDANT-APPELLANT

---

### JUDGMENT:
### REVERSED AND REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No.   CR-531408

**BEFORE:**   Keough, J., S. Gallagher, P.J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:**   October 6, 2011

**ATTORNEY FOR APPELLANT**

Edward M. Graham
13363 Madison Avenue
Lakewood, OH 44107


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY:   Mary McGrath
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH 44113

KATHLEEN ANN KEOUGH, J.:

{¶ 1}   Defendant-appellant, Joseph Miller ("Miller"), appeals the trial court's acceptance of his guilty plea and his sentence.   Finding merit to the appeal, we vacate his plea and remand.

{¶ 2}   In 2009, Miller was charged along with 28 other co-defendants under a 340 indictment involving a multitude of offenses predicated on engaging in a pattern of corrupt activity.   In 2010, a plea was negotiated whereby Miller would plead guilty to 31 counts of the indictment — one count of engaging in a pattern of corrupt activity (Count 1), ten counts of tampering with records (Counts 2, 3, 4, 5, 6, 7, 62, 63, 64, and 65), nine

counts of identity fraud (Counts 9, 54, 80, 87, 91, 97, 111, 121, and 333), two counts of telecommunications fraud (Counts 8 and 340), three counts of forgery (Counts 20, 25, and 45), and six counts of money laundering (Counts 334, 335, 336, 337, 338, and 339). At the plea hearing, the trial court explained and accepted Miller's guilty plea to all counts outlined above, except Counts 9 and 111. However, the trial court's journal entry indicates that Miller pled guilty to all counts, including Counts 9 and 111.

{¶ 3} Prior to sentencing, the trial court denied Miller's pro se motion to withdraw his guilty plea. At the sentencing hearing, the trial court sentenced Miller to a total prison term of 20 ½ years. However, in its sentencing journal entry, the trial court sentenced Miller to a total prison term of 22 ½ years on all counts, including Counts 9 and 111.

{¶ 4} Miller appeals, raising three assignments of error.

{¶ 5} In his first assignment of error, Miller argues that his pleas were not knowingly, intelligently, and voluntarily made as required under the United States and Ohio Constitutions. For reasons different than argued by Miller in his appellate brief, we agree.

{¶ 6} Under Crim.R. 11(C)(2)(a), before accepting a guilty plea in a felony matter, a trial court must personally address the defendant and determine that the defendant is making the plea voluntarily, with an understanding of the nature of the charges and the maximum penalty. In *State v. Smith* (Mar. 28, 1991), Cuyahoga App. Nos. 58334, 58418, and 58443, this court found that a plea was not made knowingly,

intelligently, or voluntarily when the record demonstrated that the defendant did not plead "guilty" to the contested counts, but rather only answered "yes" when questioned whether he understood those counts.

**{¶ 7}** The record before us reveals a similar error justifying this court's decision to vacate Miller's plea. The State set forth the plea agreement on the record, with defense counsel affirmatively stating that was the negotiated plea. However, when the trial court engaged in the requisite Crim.R. 11(C)(2) colloquy with Miller, it failed to advise him of the nature of the charges and maximum penalties as to Counts 9 and 111. Thus, Miller never changed his previously entered not guilty pleas on those counts to a plea of guilty, despite what the trial court's subsequent journal entries reflect, including the sentencing journal entry whereby the trial court imposed sentences on those counts. We find that the trial court's failure to advise Miller under Crim.R. 11(C)(2)(a) as to Counts 9 and 111 render his plea invalid and thus his plea should be vacated.

**{¶ 8}** We further find that the trial court failed to properly advise Miller at the plea hearing regarding postrelease control, restitution, and court costs.

**{¶ 9}** Accordingly, Miller's first assignment of error is sustained. Having sustained his first assignment of error challenging his plea, the remaining assignments of error challenging his sentence are deemed moot. See App.R. 12(A)(1)(c).

Plea vacated; matter remanded to the trial court for further proceedings.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, JUDGE

SEAN C. GALLAGHER, P.J., and
EILEEN A. GALLAGHER, J., CONCUR