[Cite as *State v. Price*, 2015-Ohio-315.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | Nos. 13AP-1082 |
| | | (C.P.C. No. 12CR-4511) |
| Anthony M. Price, | : | 13AP-1083 |
| | | (C.P.C. No. 11CR-6594) |
| Defendant-Appellant. | : | 13AP-1084 |
| | | (C.P.C. No. 13CR-3720) |
| | : | |
| | | (REGULAR CALENDAR) |

D E C I S I O N

Rendered on January 29, 2015

*Ron O'Brien*, Prosecuting Attorney, and *Michael P. Walton*, for appellee.

*Watson Law Group, LLP*, and *Titus G. Donnell*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

TYACK, J.

{¶ 1} Anthony M. Price is appealing from multiple felony convictions and the sentences totaling 22 years imposed on him following his guilty pleas to those felonies. He assigns two errors for our consideration:

> I. <u>First Assignment of Error:</u> The Trial Court erred by imposing consecutive sentences without making findings as required by R.C. 2929.14(C)(4).
>
> II. <u>Second Assignment of Error:</u> The Trial Court erred by failing to properly determine whether Anthony Price was entering a plea with an understanding of the maximum prison time. Because the Court misstated the minimum and maximum prison time associated with firearm specifications,

it prevented Mr. Price from entering his plea knowingly, intelligently, and voluntarily.

{¶ 2} Price and his brothers were involved in a string of robberies and burglaries. This led to him being the subject of three separate indictments. Eventually he entered into a plea bargain under the terms of which he pled guilty to burglary as a felony of the second degree under the first indictment. Under the second indictment, he entered a plea of guilty to attempted aggravated burglary, a felony of the second degree, with a three-year firearm specification and eight counts of aggravated robbery, felonies of the first degree. The eight counts of aggravated robbery each carried three-year firearm specifications.

{¶ 3} Five months later, Price pled guilty to a single count of aggravated robbery from the third indictment. In total, he pled guilty to two burglary-related charges and nine aggravated robbery charges, eight of which carried firearm specifications.

{¶ 4} The trial court judge imposed sentences totaling 22 years of incarceration. Several of the sentences were ordered to be served consecutively.

{¶ 5} We initially address the second assignment of error. If the plea proceedings were not handled properly, then some of the charges must be remanded for trial or for new plea proceedings.

{¶ 6} Crim.R. 11(C)(2) governs plea proceedings in felony cases. The rule reads:

> In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
>
>  (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
>
>  (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶ 7} At the time the trial court accepted the guilty pleas under case No. 12CR-4511 which involved the eight counts of aggravated robbery with firearm specifications and the attempted burglary charge with a firearm specification, the judge stated with respect to the firearm specifications:

And depending on the interpretation of the law, I would have to impose at least one of those which is an additional three years, additional to any other prison term and mandatory. And I could, depending on the argument, impose three separate firearm specifications. So that would be an additional nine years.

{¶ 8} What the trial judge said reflected R.C. 2929.14(B)(1)(a) which reads:

Except as provided in division (B)(1)(e) of this section, if an offender who is convicted of or pleads guilty to a felony also is convicted of or pleads guilty to a specification of the type described in section 2941.141, 2941.144, or 2941.145 of the Revised Code, the court shall impose on the offender one of the following prison terms:

(i) A prison term of six years if the specification is of the type described in section 2941.144 of the Revised Code that charges the offender with having a firearm that is an automatic firearm or that was equipped with a firearm muffler or silencer on or about the offender's person or under the offender's control while committing the felony;

(ii) A prison term of three years if the specification is of the type described in section 2941.145 of the Revised Code that charges the offender with having a firearm on or about the offender's person or under the offender's control while committing the offense and displaying the firearm, brandishing the firearm, indicating that the offender possessed the firearm, or using it to facilitate the offense;

> (iii) A prison term of one year if the specification is of the type described in section 2941.141 of the Revised Code that charges the offender with having a firearm on or about the offender's person or under the offender's control while committing the felony.

and of R.C. 2929.14(B)(1)(g) which states:

> If an offender is convicted of or pleads guilty to two or more felonies, if one or more of those felonies are aggravated murder, murder, attempted aggravated murder, attempted murder, aggravated robbery, felonious assault, or rape, and if the offender is convicted of or pleads guilty to a specification of the type described under division (B)(1)(a) of this section in connection with two or more of the felonies, the sentencing court shall impose on the offender the prison term specified under division (B)(1)(a) of this section for each of the two most serious specifications of which the offender is convicted or to which the offender pleads guilty and, in its discretion, also may impose on the offender the prison term specified under that division for any or all of the remaining specifications.

{¶ 9} In short, the trial court had to impose six years of incarceration for firearm specifications and could impose additional three-year periods of incarceration. The trial court ultimately imposed four consecutive three-year terms of incarceration for firearm specifications under case No. 12CR-4511, which was consistent with what the judge said at the plea. The reference to nine years was a statement of the terms of imprisonment for firearm specifications on aggravated robbery counts in addition to the firearm specification in the attempted burglary count.

{¶ 10} At the plea proceeding for case No. 12CR-4511, the court warned Price he could ultimately receive a sentence of over 100 years.

{¶ 11} Nothing about the transcript reflecting the colloquy between the judge, defense counsel and Anthony Price indicates the pleas were anything but knowing, intelligent and voluntary.

{¶ 12} The second assignment of error is overruled.

{¶ 13} In recent history, this appellate court has repeatedly mandated strict compliance with R.C. 2929.14(C)(4) when consecutive sentences are given. *See* for instance, *State v. Bass*, 10th Dist. No. 12AP-622, 2013-Ohio-4503; *State v. Hunter,* 10th

Dist. No. 13AP-196, 2013-Ohio-4013; *State v. Bender*, 10th Dist. No. 12AP-934, 2013-Ohio-2777; *State v. Wilson*, 10th Dist. No. 12AP-551, 2013-Ohio-1520; and *State v. Castlin*, 10th Dist. No. 13AP-331, 2013-Ohio-4889.  This court ruled previously that the colloquy here complies with R.C. 2929.14(C)(4).  *State v. Price*, 10th Dist. No. 13AP-1088, 2014-Ohio-4696.  We follow that ruling today.

{¶ 14} We note in addition that the trial court judge here engaged in a meaningful dialog with Anthony Price and his family in talking about the sentences being imposed.

{¶ 15} The first assignment of error is overruled.  The judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

KLATT and DORRIAN, JJ., concur.