[Cite as *State v. Washington*, 2016-Ohio-1464.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**Nos. 101157 and 101170**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**BRIAN K. WASHINGTON**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-10-542057-B and CR-10-535298-B

**BEFORE:** McCormack, P.J., E.T. Gallagher, J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** April 7, 2016

**ATTORNEY FOR APPELLANT**

Edward M. Heindel
450 Standard Building
1370 Ontario Street
Cleveland, OH 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By:   Frank Romeo Zeleznikar
Assistant County Prosecutor
9th Floor, Justice Center
1200 Ontario Street
Cleveland, OH   44113

TIM McCORMACK, P.J.:

{¶1} On September 9, 2015, this court granted Brian Washington's application to reopen his appeal in *State v. Washington*, 8th Dist. Cuyahoga Nos. 101157 and 101170, 2015-Ohio-315. Washington's application pertained only to the appeal in 8th Dist. Cuyahoga No. 101157 in order to address an issue regarding Cuyahoga C.P. No. CR-10-542057-B. Washington alleged his appellate counsel was ineffective for not challenging his conviction for receiving stolen property in CR-542057-B on the basis that he never entered a plea in open court to that charge. The state did not oppose the application to reopen and has since indicated they were never served with it.

{¶2} Counsel was appointed for Washington to brief the alleged invalidity of the plea, conviction, and sentence in CR-542057-B. The court has reviewed appellant's brief, appellee's brief, and appellant's reply brief, as well as the record and supplemental record. For the reasons that follow, we affirm the judgment.

{¶3} According to the record, Washington entered a guilty plea to receiving stolen property and was sentenced to a three-year term of community control sanctions during proceedings that were held on March 3, 2011. The court's plea-sentencing entry was journalized on March 10, 2011. Washington filed an appeal on March 23, 2011, which was assigned 8th Dist. Cuyahoga No. 96568. The matter was consolidated with his appeal from his convictions in Cuyahoga C.P. No. CR-535298-B (8th Dist. Cuyahoga No. 96565). His sole assignment of error in that consolidated appeal was that the trial court erred by denying his motion to withdraw his guilty plea. This court noted that Washington had only filed a motion to withdraw his guilty plea in CR-535298. *State v. Washington*, 8th Dist. Cuyahoga Nos. 96565

and 96568, 2012-Ohio-1531, ¶ 3, fn. 1. This court affirmed the trial court's judgments but remanded to have the terms of his community control included in the sentencing journal entry.

{¶4} The record reflects that on numerous occasions, the court found Washington to be in violation of his community control sanctions. The present appeal stems from the court's order journalized on March 5, 2014, that extended his community control sanctions following a hearing held on February 28, 2014.

{¶5} The transcripts included in this appeal do not contain any evidence of Washington entering a guilty plea in open court in CR-542057-B on March 3, 2011. However, the record also does not include any motion filed in the trial court raising the issue of Washington not having entered the guilty plea. Further, there is no evidence in the transcripts that Washington ever raised the plea issue in any of the proceedings held in the trial court over the years.

{¶6} The issue before this court is whether Washington's conviction is void for failure to comply with Crim.R. 11.

{¶7} Unless all of the procedural requirements of Crim.R.11 are adhered to, a guilty plea is invalid. *State v. Buchahan*, 43 Ohio App.2d 93, 334 N.E.2d 503 (8th Dist.1974)

> "In felony cases the court * * * shall not accept a plea of guilty * * * without first addressing the defendant personally and * * * [d]etermining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing. * * *"

*State v. Rogers*, 8th Dist. Cuyahoga No. 99246, 2013-Ohio-3246, ¶ 31, quoting Crim.R. 11(C)(2)(a). This court has held that "[a] court may not convict and sentence a defendant where

no plea has been entered upon the record." *Cleveland v. Wainwright*, 8th Dist. Cuyahoga No. 36623, 1977 Ohio App. LEXIS 8284, *2 (Nov. 17, 1977); *see also State v. Miller*, 8th Dist. Cuyahoga No. 96022, 2011-Ohio-5158, ¶ 6, citing *State v. Smith*, 8th Dist. Cuyahoga Nos. 58334, 58418, and 58443, 1991 WL 41730 (Mar. 28, 1991).

**{¶8}** Washington relies on the transcripts in this record to support his argument that he never entered a plea in open court in CR-542057-B, rendering his conviction and sentence in that case void.

**{¶9}** The state first argues that res judicata bars our review of this claim. Res judicata, however, does not apply to void judgments. *State v. Fischer,* 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 1 ("the doctrine of res judicata does not preclude review of a void sentence"). In *Fischer*, the Ohio Supreme Court held that the improper imposition of postrelease control, renders that portion of the sentence void and "may be reviewed at any time, on direct appeal or by collateral attack." *Id*. at ¶ 30.

**{¶10}** The state has not presented any evidence in support of the text of the journal entries that read that Washington actually entered a guilty plea in open court on March 3, 2011. The state, in fact, acknowledges that the transcripts in this record do not reflect a guilty plea. Applying res judicata under the circumstances of this case would be manifestly unjust.

**{¶11}** While the state acknowledges that the transcripts contained in this appeal do not contain any evidence of a guilty plea being entered in open court in CR-542057-B, the state relies on the journal entries that indicate Washington did enter a guilty plea in open court. The state argues that the discrepancy between the court's entries and the transcripts before us cannot be resolved without resorting to evidence outside the record. The state argues that the resolution of this issue would require affidavits averring that the plea colloquy was never conducted. The

state further suggests that there may be proceedings from March 3, 2011, that are not in this record.

{¶12} It is well settled that "[a]ppellate review is strictly limited to the record." *State v. Ellis*, 8th Dist. Cuyahoga No. 90844, 2009-Ohio-4359, ¶ 6, citing *The Warder, Bushnell & Glessner Co. v. Jacobs*, 58 Ohio St. 77, 50 N.E. 97 (1898) (other citations omitted); *State v. Corbin*, 8th Dist. Cuyahoga No. 82266, 2005-Ohio-4119, ¶ 7. A reviewing court cannot add material to the appellate record and then decide the appeal on the basis of the new material. *Id.*, citing *State v. Ishmail*, 54 Ohio St.2d 402, 377 N.E.2d 500 (1978). "Nor can the effectiveness of appellate counsel be judged by adding new matter to the record and then arguing that counsel should have raised these new issues revealed by the newly added material." *State v. Moore*, 93 Ohio St.3d 649, 650, 758 N.E.2d 1130 (2001).

{¶13} Because Washington at no time raised or developed this non-plea issue in the trial court and this issue was not mentioned during the proceedings that gave rise to this appeal, it is improvident for us to resolve it now. We do not know if there was error in the transcription of the record. We do not know if that portion of the court proceedings is missing, nor do we know if it never actually occurred. Our concerns of clerical error are heightened by the existence of the journal entries reflecting a guilty plea and the fact that Washington has never personally, or through counsel, objected to his guilty plea or conviction in CR-542057-B on this basis before. He had numerous opportunities in the past to do so in the trial court and in his initial direct appeal.

{¶14} In light of the foregoing, we find that a direct appeal is not the appropriate avenue in which Washington may address his concerns with his plea in CR-542057-B. "[A] postconviction proceeding, rather than a direct appeal, is the proper mechanism for asserting [a

claim] that is based on evidence dehors the record." *State v. Moon*, 8th Dist. Cuyahoga No. 101972, 2015-Ohio-1550, ¶ 12. We reach this conclusion based on the conflict between the court's journal entries, which reflect a plea in open court, as contrasted with the transcripts before us, which reflect no such plea.

{¶15} Accordingly, this assignment of error is overruled, and the judgment is affirmed on the grounds stated.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
TIM McCORMACK, PRESIDING JUDGE

EILEEN T. GALLAGHER, J., and
FRANK D. CELEBREZZE, JR., J., CONCUR